United States District Court
Southern District of Texas
**ENTERED**
March 31, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J. PAUL GILLIAM, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:23-cv-01824 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| ANTHONY KUCHINSKI, *et al,* | § | |
| Defendants. | § | |

OPINION AND ORDER
GRANTING SUMMARY JUDGMENT
AND JUDGMENT ON THE PLEADINGS

The motions for summary judgment and judgment on the pleadings by Defendants Paul Anthony Kuchinski, Brooke Schwausch, Bryan Miller, and Eddie Pereira are granted. Dkts 8 & 10.

Plaintiff J. Paul Gilliam proceeds here *pro se*. His motion for sanctions is denied. Dkt 16.

1. Background

Defendants are all police officers with the City of Deer Park. Gilliam presents claims against them for false arrest and infliction of cruel and unusual punishment arising from an encounter in May 2021. See Dkt 1 at 2–4.

Defendants submitted consistent, sworn declarations. These attest to receiving a report that Gilliam attempted to use a suspected counterfeit $100 bill at a fast-food restaurant. For example, see Dkt 8-1 at ¶1 (Kuchinski declaration). He was then observed riding his bike to a convenience store, where he made a purchase with that same bill. Id at ¶¶2–3. Kuchinski arrived first, followed by Miller, Schwausch, and Pereira. Id at ¶4.

Defendants immediately suspected Gilliam of being under the influence of some drug. And they knew, for instance, that Gilliam by reputation was a drug addict, had been arrested many times on possession charges (including methamphetamine and crack cocaine), and was known to become "belligerent and potentially violent" when using. Id at ¶2; see Dkt 8 at 11–12 (summarizing eight prior arrests, including for possession and public intoxication). When Kuchinski asked questions about the $100 bill, Gilliam "became highly irate" and began screaming, while also sweating profusely with dilated pupils and visible tremors. Id at ¶3; see also Dkt 8-6 at 01:54–05:47 (dash-cam footage showing Gilliam agitated and acting erratically).

Defendants assessed that Gilliam was a danger to himself and others, and that they had probable cause to arrest him for public intoxication. Dkt 8-1 at ¶4; see also Dkt 8-2 at ¶3 (Schwausch declaration, noting "classic signs of likely stimulant intoxication," including restless agitation, fluctuating mood, rapid and mumbled speech, and exaggerated reflexes). While in custody and *en route* to the station, Gilliam screamed and thrashed in the back seat of the patrol vehicle, while striking his head against the partitioning cage. Dkt 8-1 at ¶5; see also Dkt 8-7 (in-car video). He was found upon arrival at the station to have self-inflicted injuries that required medical attention. Dkt 8-1 at ¶5.

Most (if not all) of this was captured on video. Even so, Gilliam asserts that this arrest was unlawful. He filed a handwritten complaint against Defendants in both their individual and official capacities, apparently under §1983, asserting violation of his rights under the Fourth and Eighth Amendments. Dkt 1 at 1, 3. In general, he asserts that Defendants (and Kuchinski in particular) falsified the grounds that supported their determination of probable cause to arrest him, and that suggestion the $100 bill was counterfeit was pretextual and unsupported. Id at 6–7, 9.

Defendants filed a motion for summary judgment in their individual capacities claiming qualified immunity.

Dkt 8. They also filed a motion for judgment on the pleadings in their official capacity. Dkt 10. Gilliam later filed a motion for sanctions against them under Rule 56(h), suggesting that their declarations were perjured. Dkt 16.

### 2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics Inc v Oregon Cardio-Devices Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2020). Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008).

Rule 12(c) provides, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A reviewing court evaluates a motion under Rule 12(c) using the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). See *Gentilello v Rege*, 627 F3d 540, 543–44 (5th Cir 2010). To survive a Rule 12(c) motion, then, the complaint must contain enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp v Twombly*, 550 US 544, 570 (2007). A claim has *facial*

3

*plausibility* "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), citing *Twombly*, 550 US at 556.

    3. Analysis

The motions for summary judgment, for judgment on the pleadings, and for sanctions are each treated in turn.

    a. Claims in individual capacities

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v Callahan*, 555 US 223, 231 (2009), quoting *Harlow v Fitzgerald*, 457 US 800, 818 (1982). Its availability as a defense ultimately "turns only upon the objective reasonableness of the defendant's acts." *Thompson v Upshur County*, 245 F3d 447, 457 (5th Cir 2001) (emphasis original).

Analysis of qualified immunity involves two inquiries. See *Aguirre v City of San Antonio*, 995 F3d 395, 406 (5th Cir 2021); see also *Batyukova v Doege*, 994 F3d 717, 724–25 (5th Cir 2021). A court must first ask "whether the facts, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a federal right." *Aguirre*, 995 F3d at 406, quoting *Tolan v Cotton*, 572 US 650, 655–56, (2014). Second, it must determine whether the allegedly wrongful conduct violated clearly established law. *Tolan*, 572 US at 656, citing *Hope v Pelzer*, 536 US 730, 739 (2002). But the district court needn't go on to the latter inquiry if the former is already determinative that qualified immunity applies. *Camreta v Greene*, 563 US 692, 707 (2011).

Only the first inquiry is necessary here. A court must generally view the facts in the plaintiff's favor. But Gilliam with his response submits only argument, rather than admissible evidence. And even if his complaint is treated as being a sworn statement, "where there is video

capturing the events in question and 'opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'" *Valencia v Davis*, 836 F Appx 292, 296 (5th Cir 2020, *per curiam*), quoting *Scott v Harris*, 550 US 372, 380, (2007); see also *Garza v Briones*, 943 F3d 740, 744 (5th Cir 2019) (internal quotation omitted) (rejecting plaintiff's version of facts when "blatantly contradicted and utterly discredited by video recordings").

Available video evidence entirely displaces the narrative by which Gilliam purports to proceed under the Fourth Amendment. See Dkt 1 at 3, 4, 6–9. He was obviously and without question acting in an agitated, erratic, threatening manner at the time of arrest, as described in the declarations. See Dkt 8-6 at 01:54–05:47 (dash-cam video, including audio). Indeed, he essentially concedes those videos are compromising, because he also speculates that they were digitally manipulated. See Dkt 12 at 2. But he provides no supporting evidence for that exceedingly unlikely contention. To the contrary, see Dkt 8-1 at ¶¶4–5 (Kuchinksi declaration, authenticating both videos).

The articulation of probable cause by Defendants was thus valid. And to be clear, the probable cause was *not* for passing counterfeit currency, as that was simply the report that brought on the investigation. See Dkt 8-1 at ¶1. Instead, the video supports the declarations that the arrest was supported by probable cause for public intoxication. Dkt 8-6 at 03:39 (stating same). And as already noted, the video makes clear that this was objectively reasonable. See *Thompson*, 245 F3d at 457; cf *Anokwuru v City of Houston*, 990 F3d 956, 963 (5th Cir 2021), quoting *Haggerty v Texas Southern University*, 391 F3d 653, 655 (5th Cir 2004) (citation omitted) (false arrest claims under §1983 require showing that officers lacked probable cause to arrest).

Gilliam also raises (or at least mentions) an Eighth Amendment claim. See Dkt 1 at 3. But he provides no

5

briefing in support of such claim. It is thus abandoned. See *Matter of Dallas Roadster, Ltd*, 846 F3d 112, 126 (5th Cir 2017). Regardless, the Eighth Amendment doesn't apply to claims about arrest. See *Ingraham v Wright*, 430 US 651, 669–70 (1977) (Eighth Amendment applies to post-prosecution treatment). What's more, the injury to Gilliam's forehead was self-inflicted, with video showing him bashing his own head against the partition cage. See Dkt 8-7 at 00:37–00:41. Nothing suggests any injury was due to conduct by Defendants. Indeed, nowhere in either video is there any appearance of rough handling, much less anything other than calm, respectful interaction on the part of Defendants.

Defendants establish that they are entitled to qualified immunity. Summary judgment will be entered in their favor on the claims against them in their individual capacities.

### b. Claims in official capacities

To prevail against an officer in his official capacity, a plaintiff must show that a person acting under color of state law denied the plaintiff a right under the Constitution or federal law. *Martin v Thomas*, 973 F2d 449, 452–53 (5th Cir 1992). A *person* for these purposes includes a local governing body if the action claimed to be unconstitutional implemented a "decision officially adopted and promulgated by that body's officers." *Monell v Department of Social Services of City of New York*, 436 US 658, 690 (1978). Any such claim against a municipality must establish "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v City of Houston*, 237 F3d 567, 578 (5th Cir 2001), quoting *Monell*, 436 US 658, 694 (1978).

Gilliam filed no response to the motion for judgment on the pleadings. The motion will thus be granted as unopposed. See Local Rule 7.4. Regardless, his complaint doesn't even address the relevant policymaker, the City of Deer Park. See Dkt 10 at 5, citing Deer Park Charter,

6

§2.05. It thus fails to establish the potential for *Monell* liability.

Judgment on the pleadings will be entered in favor of Defendants on the claims against them in their official capacities.

### c. Sanctions

The motion by Gilliam for sanctions plainly fails. He argues that declarations made under penalty of perjury by Defendants regarding his drug use are false. Dkt 16 at 1. But this is contradicted by his own arrest record for drug use and statements made by his father. Dkt 17 at 3, citing Dkt 8-5 (arrest records and police reports). Nor does anything support his contention elsewhere that the video evidence is somehow "CGI Computer generated Imaging." Dkt 12 at 2. And to a certainty, nothing submitted suggests that these officers made their statements with the requisite "bad faith" under Rule 56(h).

The motion for sanctions will thus be denied.

### 4. Conclusion

The motion for summary judgment by Defendants Paul Anthony Kuchinski, Brooke Schwausch, Bryan Miller, and Eddie Pereira as to the claims against them in their individual capacities is GRANTED. Dkt 8.

Their motion for judgment on the pleadings as to the claims against them in their official capacities is also GRANTED. Dkt 10.

The motion by Plaintiff J. Paul Gilliam for sanctions is DENIED. Dkt 16.

Gilliam previously sought and obtained leave to amend his complaint. Dkts 7 & 14. But he never followed through. Given the video evidence, any future attempt to amend would be an "exercise in futility" and thus isn't warranted. *Schiller v Physicians Resource Group Inc*, 342 F3d 563, 569 (5th Cir 2003); see also id at 567 (no abuse of discretion upon dismissal with prejudice where plaintiff "had fair opportunity to make his case").

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on March 31, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge